UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAN MOYAL,<br><br>   Plaintiff,<br><br>   v.<br><br>NATIONAL GENERAL INSURANCE COMPANY,<br><br>   Defendant. | Case No. 3:24-cv-02599-JD<br><br>**ORDER RE REMAND** |

Defendant National General Insurance Company's (NGIC) is alleged to have improperly denied pro se plaintiff Elan Moyal's claim for damage to his Mercedes Sprinter van. Dkt. No. 1. Moyal originally filed the lawsuit in California state court. *Id.* NGIC removed the case to this Court on traditional diversity jurisdiction grounds. *Id.* ¶ 4; 28 U.S.C. § 1441(b). Moyal asks to remand to state court on the ground that the removal notice was untimely.[1] Dkt. No. 4. Moyal does not otherwise dispute that the requirements of diversity jurisdiction are satisfied. The parties' familiarity with the record is assumed, and the case is remanded.

The rules governing the timing of the removal notice are straightforward. *See Alcazar v. Nissan N. Am., Inc.*, No. 23-CV-01951-JD, 2023 WL 4706167 (N.D. Cal. July 24, 2023). Sections 1446(b)(1) and (b)(3) of the removal statute require "that a notice of removal be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). The thirty days "operate as limitations on the right to removal rather than as authorizations to remove," and apply to "a defendant who is put on notice of removability by a plaintiff." *Id.* at 1123, 1125.

---

[1] Moyal filed a "motion to deny removal of action," Dkt. No. 4, which the Court construes as a motion to remand.

Moyal filed the complaint in state court on March 28, 2024. NGIC filed a notice of removal on May 1, 2024, and so removal is untimely if NGIC was served on or before March 30, 2024. Moyal submitted a proof of service, filed in state court, indicating that NGIC was served through a registered agent for service on March 29, 2024. Dkt. No. 4 at ECF p. 3; *see* Fed. R. Civ. P. 4(e)(1), (h)(1) (authorizing service of process on a corporation as permitted by state law); Cal. Civ. Proc. §§ 415.10, 416.10(a) (authorizing personal service to a corporation's registered agent for service of process). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotations omitted).

NGIC says it was not served until April 1, 2024, when it received copies of the summons and the complaint via certified mail. Dkt. No. 17 at 2. NGIC submitted three declarations to that effect. *Id.* at ECF pp. 8, 20, 22. None of this carries the day for NGIC. The most germane declaration is by Nicole Stauss, the agent who was served on March 29, 2024. Stauss says that she does not recall being personally served on behalf of NGIC on the 29th. *Id.* at ECF p. 20. But the agent's memory is not the material element. The absence of a document log entry, which Stauss says she would do to record service, is equally inapposite. *Id.* What counts is the proof of service, which was signed by the process server under penalty of perjury, attesting to service on March 29, 2024. Dkt. No. 4 at ECF p. 4. NGIC did not call the proof of service into meaningful question, or otherwise proffer any contrary facts, let alone strong and convincing evidence. The Court "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Consequently, the case is remanded to the California Superior Court for Lake County.

**IT IS SO ORDERED.**

Dated: June 18, 2024

JAMES DONATO
United States District Judge

2